UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DENNIS RODRIGUES,** | : | **CIVIL ACTION NO.:** |
| Plaintiff, | : | |
| | : | 3:20-CV-00294 (JCH) |
| v. | : | |
| | : | |
| **CONNECTICUT CONTAINER CORP.** | : | |
| **d/b/a/ UNICORR PACKAGING GROUP** | : | |
| | : | |
| Defendant. | : | April 24, 2020 |
| | : | |

## AMENDED COMPLAINT

**I.     INTRODUCTION**

1. Dennis Rodrigues was hired by Connecticut Container Corp. d/b/a Unicorr Packaging Group (hereinafter "Unicorr") in April 1990.

2. After nearly 30 years of employment, Unicorr terminated Mr. Rodrigues on April 23, 2019, less than three weeks after his return from medical leave. Unicorr did not offer Mr. Rodrigues leave under the Family Medical Leave Act, nor did they tell him his entitlements under the Act as it related to his medical leave.

3. Accordingly, Dennis Rodrigues brings claims for discrimination, pursuant to the Americans with Disabilities Act Amendments Act of 2008 (ADA) 42 U.S.C. § 12101 *et seq.,* the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-60; and Interference and Retaliation under Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*.

4. Mr. Rodrigues demands a jury trial on all claims so triable.

## II. JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because the events or omissions giving rise to the asserted claims occurred herein.

7. This Court has supplemental jurisdiction over the plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy as the federal law claims.

## III. PARTIES

8. The plaintiff, Dennis Rodrigues, resides in Wallingford, Connecticut.

9. The defendant is a corporation incorporated under the laws of Connecticut and with its principal place of business in North Haven, Connecticut.

10. The defendant employs 50 or more employees in Connecticut.

11. The defendant hired Mr. Rodrigues in April 1990.

12. Mr. Rodrigues suffers from Crohn's disease and an elevated prostate specific antigen (PSA), each of which qualifies as a disability under the ADA and a serious medical condition under the FMLA.

13. At all relevant times mentioned herein, the defendant was Mr. Rodrigues's employer within the meaning of the ADA, the FMLA, and the CFEPA.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Mr. Rodrigues filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") alleging discrimination. The complaint was dual filed with the federal Equal Employment Opportunity Commission ("EEOC").

15. The CHRO complaint was filed in a timely manner insofar as it was filed within 180 days of the defendant's last discriminatory and retaliatory acts against the plaintiff.

16. Mr. Rodrigues received a Release of Jurisdiction from the CHRO, dated December 13, 2019.

17. Mr. Rodrigues filed this Complaint within 90 days of his receipt of the Release of Jurisdiction from the CHRO.

V. **STATEMENT OF FACTS**

    A. **For Nearly Three Decades, Unicorr Lauds Mr. Rodrigues with Positive Performance, Raises, and Promotions.**

18. After his hire in 1990, Unicorr promoted Mr. Rodrigues several times. He served in various positions that increased in scope and responsibility. Over his last six years with Unicorr, Mr. Rodrigues served as a Continuous Improvement Lead in Unicorr's North Haven plant.

19. For as long as Mr. Rodrigues can remember, Unicorr rated his performance as M+, which in Unicorr's equivalent of "excellent."

20. Mr. Rodrigues earned glowing and consistent feedback from his longtime supervisor, Matt Fritzeen, in both written reviews and verbal feedback. Mr. Rodrigues was never disciplined.

21. During Mr. Rodrigues's last review with the company, Mr. Fritzeen again rated Mr. Rodrigues as M+, and he recognized Mr. Rodrigues's positive performance with a merit raise, effective January 2019.

    B. **Mr. Rodrigues Meets with Human Resources about His Criticisms of Unicorr's Owner; Nothing Comes of the Meeting.**

22. In December 2018, Mr. Fritzeen left Unicorr.

23. From then on, Mr. Rodrigues reported directly to Unicorr's owner, H.A. Perkins.

24. On February 5, 2019, Mr. Perkins received an email exchange between Mr. Rodrigues and Robert Clark, former Corporate Director of Continuous Lead and Mr. Rodrigues's Matrix Manager, discussing challenges they each had with Mr. Perkins and his management style.

25. Two days later, Kevin Boyle, Unicorr Director of Human Resources, met with Mr. Perkins and Mr. Rodrigues.

26. During the meeting, Mr. Rodrigues reiterated the cultural concerns he had with Mr. Perkins' management style and his outright hostility towards employees.

27. Unicorr did not discipline Mr. Rodrigues in any way, let alone terminate him. His employment continued.

**C. Mr. Rodrigues's Disabilities Require Protected Medical Leave. Unicorr Fails to Offer FMLA Leave or Notify Mr. Rodrigues of His Entitlement to Protected Leave.**

28. Mr. Rodrigues requires infusions bimonthly to control his Crohn's disease.

29. Additionally, in March 2019, Mr. Rodrigues was diagnosed with Benign Prostatic Hyperplasia (BPH) and an elevated PSA. His condition required two emergency rooms visits.

30. Mr. Rodrigues missed work the weeks of March 18 to March 22 and April 2 to April 5 as a result of his disabilities. Mr. Rodrigues took this time off as "medical leaves."

31. Unicorr knew of Mr. Rodrigues's medical conditions requiring leave and hospitalizations.

32. At no time did Unicorr offer Mr. Rodrigues continuous or intermittent leave under the Family Medical Leave Act, nor was he informed of his entitlement to protected leave.

**D. Unicorr Terminates Mr. Rodrigues Less Than Three Weeks After His Return from Medical Leave.**

33. From February to April 2019, Mr. Rodrigues met with Mr. Boyle approximately four times about Mr. Perkins' aggressive and negative management style.

34. Mr. Perkins's disdain for Mr. Rodrigues only grew, especially after his two medical leaves in March and April 2019.

35. After the medical leaves, Mr. Perkins would say to Mr. Rodrigues, "You do not belong here," and "You know what you need to do," seemingly baiting Mr. Rodrigues to quit his job after nearly three decades.

36. After Mr. Rodrigues's medical leaves, Mr. Perkins stopped inviting him to leadership meetings, removed his name from his mailbox, and created a work environment in which no reasonable person would feel comfortable.

37. Finally, on April 23, 2019, less than three weeks after Mr. Rodrigues's return from medical leave, Mr. Boyle summoned him to a meeting with Mr. Perkins and terminated his employment.

38. Mr. Perkins cited the February 5 email exchange between Mr. Rodrigues and Mr. Clark – and Mr. Rodrigues's subsequent expressions of concern about Mr. Perkins – as the reasons for termination.

VI. **LEGAL CLAIMS**

**FIRST CLAIM FOR RELIEF:
DISCRIMINATION,
IN VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT AMENDMENTS ACT OF 2008,
42 U.S.C. § 12101**

39. The Plaintiff incorporates by reference all preceding allegations in this Complaint as if fully pled in this Count.

40. Mr. Rodrigues's disabilities were a motivating factor in Unicorr's decision to take one or more adverse employment Actions against him.

41. Unicorr's unlawful conduct was committed willfully or with reckless disregard for Mr. Rodrigues's right to be free from disability discrimination.

42. As a result of Unicorr's conduct, Mr. Rodrigues suffered damages and claims punitive damages.

**SECOND CLAIM FOR RELIEF:
DISCRIMINATION,
IN VIOLATION OF THE CFEPA,
CONN. GEN. STAT. § 46a-60(b)(1)**

43. The Plaintiff incorporates by reference all preceding allegations in this Complaint as if fully pled in this Count.

44. Mr. Rodrigues's disabilities were a motivating factor in Unicorr's decision to take one or more adverse employment actions against him.

45. Unicorr's unlawful conduct was committed willfully or with reckless disregard for Mr. Rodrigues's right to be free from disability discrimination.

46. As a result of Unicorr's conduct, Mr. Rodrigues suffered damages and claims punitive damages.

**THIRD CLAIM FOR RELIEF:
RETALIATION, IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT,
29 U.S.C. § 2615**

47. The Plaintiff incorporates by reference all preceding allegations in this Complaint as if fully pled in this Count.

48. Mr. Rodrigues exercised rights protected under the FMLA insofar as he requested medical leave from Unicorr.

49. Mr. Rodrigues was qualified for the employment position he held with Unicorr before he was terminated.

50. Mr. Rodrigues suffered one or more adverse employment actions.

51. Mr. Rodrigues's exercise of his rights under the FMLA was a motivating factor in Unicorr's decision to take one or more adverse employment actions against him.

52. As a result of Unicorr's' retaliation against Mr. Rodrigues's exercise of his rights under the FMLA, Mr. Rodrigues suffered damages.

**FOURTH CLAIM FOR RELIEF:**
**INTERFERENCE, IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT,**
**29 U.S.C. § 2615**

53. The Plaintiff incorporates by reference all preceding allegations in this Complaint as if fully pled in this Count.

54. Mr. Rodrigues exercised rights protected under the FMLA insofar as he requested medical leave from Unicorr.

55. Mr. Rodrigues was entitled to 12 weeks of unpaid protected leave under the FMLA.

56. The defendant failed to notify Mr. Rodrigues of his entitlements under the FMLA.

57. Mr. Rodrigues suffered one or more adverse employment actions – namely, the defendant terminated his employment within three weeks after his medical leave and without notifying him of his entitlements under the FMLA.

58. Unicorr's interfered with Mr. Rodrigues's FMLA rights.

59. As a result of the defendant's interference with Mr. Rodrigues's rights under the FMLA, Mr. Rodrigues suffered damages.

* * *

**WHEREFORE**, Mr. Rodrigues seeks the following remedies:

1. An award of back pay, front pay and other economic losses incurred, including bonuses, benefits, interest and other consequential damages;

2. Compensatory damages for emotional distress, loss of reputations and other non-economic damages;

3. An award of liquidated damages under the FMLA;

4. An award of punitive damages under the ADA and the CFEPA;

5. An award of reasonable attorney's fees and costs; and

6. Such other relief as may be just and equitable.

> **RESPECTFULLY SUBMITTED,**
> **THE PLAINTIFF,**
> **DENNIS RODRIGUES**
>
> By: /s/ *Amanda M. DeMatteis*
>
> Amanda M. DeMatteis *(ct29413)*
> Joshua R. Goodbaum *(ct28834)*
> GARRISON, LEVIN-EPSTEIN
>     FITZGERALD & PIRROTTI, P.C.
> 405 Orange Street
> New Haven, CT  06511
> Tel.: (203) 777-4425
> Fax: (203) 776-3965
> E-mail: adematteis@garrisonlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties. Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on this 24th day of April, 2020.

/s/ *Amanda M. DeMatteis*
Amanda M. DeMatteis